UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE,
at CHATTANOOGA

| | |
|---|---|
| JOSEPH POWERS, ) | |
| ) | |
| *Plaintiff,* ) | Judge Mattice |
| ) | |
| v. ) | Case No. 1:08-cv-192 |
| ) | |
| DAYS INN WORLDWIDE, INC., ) | |
| SUNBEST PROPERTIES, ) | |
| ) | |
| *Defendants.* ) | |

**MEMORANDUM AND ORDER**

The Motions for Summary Judgment of Defendants Days Inn Worldwide, Inc. and Sunbest Properties (collectively "Defendants") are presently before the Court. [Court Docs. 31 & 33.]

In the instant case, Plaintiff seeks damages which occurred as a result of being stabbed while staying at a Days Inn hotel. The Days Inn hotel where the crimes occurred was owned by Defendant Sunbest Properties and was a franchise of Defendant Days Inn Worldwide. Plaintiff alleges that Defendants were negligent in failing to prevent the violent criminal acts on this property. The Court's jurisdiction over this case is pursuant to 28 U.S.C. § 1332, and is not in dispute.

For the reasons explained below, Defendants' Motions for Summary Judgment [Court Docs. 31 & 33] will be **GRANTED.**

**I.    LEGAL STANDARD**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

**II.    FACTS**

On July 28, 2005, Plaintiff was staying at the Days Inn Hotel located in Chattanooga, Tennessee. (Pl.'s Amend. Compl. ¶¶ 8-9.) At 12:30 a.m., Plaintiff left his hotel room and went to a gas station located near the hotel to purchase some food and drinks. (*Id.*) Plaintiff then returned to the hotel and entered an elevator. (*Id.* ¶ 8.) Two other men also entered the elevator and demanded money from Plaintiff. (*Id.* at ¶ 9.) One of the two men then stabbed Plaintiff with a knife. (*Id.* ¶ 10.) The other man in the elevator brandished a gun, which was held to Plaintiff's face during the course of this robbery. (*Id.*)

Plaintiff contends that Defendants are jointly and severally liable for his injuries due to their negligence in maintaining safety on the hotel's premises. Defendant Sunbest Properties contends that the robbery of Plaintiff was an unforeseeable event and, thus, it is not directly or vicariously liable for Plaintiff's injuries. Defendant Days Inn Worldwide contends that it does not owe a duty to its franchisees' guests and, thus, it is also not directly or vicariously liable for Plaintiff's injuries.

### III. ANALYSIS

#### A. Negligence Standard

To make out a *prima facie* case of negligence, Plaintiff must establish each of the following five elements: 1) a duty of care owed by the defendant to the plaintiff; 2) a breach of that duty; 3) an injury or loss; 4) cause in fact; and 5) proximate legal causation. *Camper v. Minor,* 915 S.W.2d 437, 446 (Tenn. 1996). In Tennessee "all persons have a duty to use reasonable care to refrain from conduct that will foreseeably cause injury to others. Thus, it has been said that duty is the legal obligation that a defendant owes a plaintiff to conform to a reasonable person standard of care in order to protect against unreasonable risks of

harm." *Burroughs v. Magee,* 118 S.W.3d 323, 329 (Tenn. 2003) (internal citations omitted). In other words, "a duty of reasonable care exists if defendant's conduct poses an unreasonable and foreseeable of harm to persons or property . . . A risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm." *McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995). The duty of due care applies to a plaintiff's property as well as his person. *Id; Smith v. Roane-Anderson Co.,* 30 Tenn. App. 458, 207 S.W.2d 353, 355 (Tenn. Ct. App. 1947).

The term "reasonable care" must be given meaning in relation to the circumstances. *McCormick v. Waters*, 594 S.W.2d 385, 387 (Tenn. 1980). Ordinary, or reasonable, care is to be estimated by the risk entailed through probable dangers attending the particular situation and is to be commensurate with the risk of injury. *Leach v. Asman*, 130 Tenn. 510, 514, 172 S.W. 303 (1914). The risk involved is that which is foreseeable; a risk is foreseeable if a reasonable person could foresee the probability of its occurrence or if the person was on notice that the likelihood of danger to the party to whom is owed a duty is probable.

Foreseeability is the test of negligence. If the injury which occurred could not have been reasonably foreseen, the duty of care does not arise, and even though the act of the defendant in fact caused the injury, there is no negligence and no liability. *See Spivey v. St. Thomas Hospital*, 31 Tenn. App. 12, 211 S.W.2d 450, 456 (Tenn. App. 1948). "The plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility, and that some action within the [defendant's] power more probably than

not would have prevented the injury." *Tedder v. Raskin*, 728 S.W.2d 343, 348 (Tenn. Ct. App. 1987). Foreseeability must be determined as of the time of the acts or omissions claimed to be negligent.

> Negligence already has been defined as conduct which falls below a standard established by the law for the protection of others against unreasonable risk of harm. The idea of risk in this context necessarily involves a recognizable danger, based upon some knowledge of the existing facts, and some reasonable belief that harm may possibly follow. Risk, for this purpose, may then be defined as a danger which is apparent, or should be apparent, to one in the position of the actor. The actor's conduct must be judged in the light of the possibilities apparent to him at the time, and not by looking backward "with the wisdom born of the event." The standard is one of conduct, rather than of consequences. It is not enough that everyone can see now that the risk was great, if it was not apparent when the conduct occurred.

5 Prosser and Keeton, *The Law of Torts* § 31, p. 170 (1984) (footnotes omitted). With regard to the criminal acts of others, the Court in *Tedder* stated:

> If the injury was not reasonably foreseeable, then the criminal act of the third party would be a superseding, intervening cause of the harm, relieving the landlord of liability.

*Tedder*, 728 S.W.2d at 349.

**B.     Defendants' Motion for Summary Judgment**

Plaintiff contends that Defendants owed him a duty of care to protect him from the criminal acts of third parties, namely the men who robbed and stabbed him in the elevator at the Days Inn property. All of the parties agree that to establish a claim for negligence, plaintiff must show 1) Defendants owed him a duty of care, 2) Defendants breached that duty by actions falling below the standard of care, 3) that he suffered an injury/loss, 4) cause in fact, and 5) proximate/legal cause. *McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891 (Tenn. 1996).

As the Tennessee Supreme Court stated in *McClung*:

> In determining the duty that exists, the foreseeability of harm and the gravity of harm must be balanced against the commensurate burden imposed on the business to protect against that harm. In cases in which there is a high degree of foreseeability of harm and the probable harm is great, the burden imposed upon defendant may be substantial. Alternatively, in cases in which a lesser degree of foreseeability is present or the potential harm is slight, less onerous burdens may be imposed. . . . The degree of foreseeability needed to establish a duty of reasonable care is, therefore, determined by considering both the magnitude of the burden to defendant in complying with the duty and magnitude of the foreseeable harm.

*Id.* at 898-899.

The Tennessee Supreme Court has also stated that in order to show that criminal acts by third parties are reasonably foreseeable, the proof "will almost always require that prior instances of crime have occurred on or in the immediate vicinity of the defendant's premises. Courts must consider the location, nature, and extent of previous criminal activities and their similarity, proximity, or other relationship to the crime giving rise to the cause of action. To hold otherwise would impose an undue burden upon merchants." *Id.* at 898-899.

With respect to hotels and inn keepers, "[t]he measure of the liability of the possessor of land to invitees is due care under all the circumstances including the nature and use of the land, the nature of the invitation, the nature of the relationship with the invitee, the opportunity of the possessor and the invitee to know and avoid existing or probable dangers, and any and all other factors which would challenge the attention of the possessor and/or invitee to the probability of danger to the invitee and produce the precautions which a reasonably prudent person would instigate under the same or similar circumstances." *Zang v. Spence Manor Motor Hotel*, 543 S.W. 2d 657, 663 (Tenn. App.

-6-

1982). In this case, to demonstrate that Defendants owed him a duty of care to protect him from the criminal acts of third parties, Plaintiff is required to show that Defendants knew or had reason to know, "either from what has been or should have been observed from past experience, that criminal acts against the customers on its premises are reasonably foreseeable." *McClung*, 937 S.W.2d at 902.

In the instant case, Plaintiff relied on the testimony of two police officers to establish the foreseeability of the criminal acts at issue. Galen Roberts, the Chattanooga Police Department Officer who investigated the attack against Plaintiff, had testified that the area around the hotel, referred to as the "Charlie Sector," was known as a "high crime area." (Court Doc. 40-1, Galen Dep. 20, 24.) Plaintiff, however, failed to elucidate the geographic scope of what the "Charlie Sector," encompasses. (Galen Dep. 24.) Iran Meadows, another Chattanooga Police Department Officer, also testified that "we usually have assault, a little bit of – assaults, robberies, a lot of drug problems." (Court Doc. 40-2, Meadows Dep. at 10.) Plaintiffs, however, failed to provide deposition testimony explaining what areas Officer Meadows' testimony encompassed.

Vague evidence that does not explain nor identify an area's spatial relationship with the situs of the crimes at issue is not relevant to the Court's foreseeability inquiry. *Keaton v. Wal-Mart Stores East, L.P.*, 2009 Tenn. App. LEXIS 3, at *7-8 (Tenn. App. Jan. 2, 2009) (holding that "the only relevant evidence regarding foreseeability is the criminal activity in the Wal-Mart parking" where Plaintiff was robbed.). Even if the "Charlie Sector" only encompassed the area in the immediate vicinity of the hotel, Plaintiff has also failed to identify what action "within the [Defendants'] power more probably than not would have prevented [his] injury." *Tedder*, 728 S.W.2d at 348.

-7-

Case 1:08-cv-00192   Document 60   Filed 09/18/09   Page 7 of 9

In contrast, Defendants have provided the Court with significant evidence that violent robberies did not often occur at this Days Inn. Based on police reports, there were a total of fifteen police calls to the Days Inn hotel from August 29, 2005 to July 28, 2007. (Court Doc. 31-1, Police Reports.) In this period, no one was reported to have been injured as a result of criminal activity on the premises of the Days Inn hotel and only two robberies were reported. (*Id.*) This evidence does not arise to the level of prior criminal activity necessary to establish that the incident involving the Plaintiff was foreseeable. *Keaton*, 2009 Tenn. App. LEXIS 3, at *7-8 (holding that an area where "there were two simple assaults, three reports of theft from a vehicle, one report of indecent exposure, one report of theft inside the store, and one report of vandalism" did not "rise to the level of prior criminal activity necessary to establish that this incident involving the plaintiff was foreseeable.").

Based on the above, the Court finds that Defendant Sunbest Properties did not owe Plaintiff a duty of care to protect him from the criminal acts of third parties and Defendant Days Inn Worldwide, Inc. is not directly or vicariously liable for Plaintiff's injuries that occurred at the Days Inn. Accordingly, Defendants' Motion for Summary Judgment will be **GRANTED** and Plaintiff's claims will be **DISMISSED WITH PREJUDICE.**

## IV. CONCLUSION.

For the reasons explained above, Defendants' Motions for Summary Judgment [Court Docs. 31 & 33] are **GRANTED**. Plaintiff's claims against Defendants are hereby **DISMISSED WITH PREJUDICE.** Each party shall bear their own costs.

The Clerk is directed to close the case file.

SO ORDERED this 18th day of September, 2009.

                                        */s/ Harry S. Mattice, Jr.*
                                        HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE